# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

RUSSELL J. KELLY,

Petitioner,

v.

SECRETARY OF THE CDCR, *et al.*,

Respondents.

Case No. 24-cv-01233-BAS-AHG

**ORDER GRANTING MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY (ECF No. 9)**

Before the Court is a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"), filed by state prisoner Russell J. Kelly ("Petitioner"). (ECF No. 1.) Petitioner claims the refusal to provide him with a parole hearing violated his rights under the Fifth, Eighth, and Fourteenth Amendments. (*Id*. at 10–23.) Respondent James Hill ("Respondent"), warden at the Richard J. Donovan Correctional Facility,[1] has filed a Motion to Dismiss and a Notice of Lodgment of the state record. (ECF Nos. 9, 10.) Respondent contends Petitioner's claims are untimely and not cognizable under federal

---

[1] Petitioner erroneously lists the California Department of Corrections and Rehabilitation's Secretary and California Attorney General Rob Bonta as respondents. However, the correct respondent in this case is the warden of the facility where the petitioner is incarcerated—specifically, James Hill, the warden of R.J. Donovan Correctional Facility. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004); Rule 2(a) of the Rules Governing § 2254 Cases in the United States District Courts.

24cv1233

habeas review.  (ECF No. 9-1 at 8–12.)  Petitioner has filed an Opposition.  (ECF No. 11.)  For the reasons set forth below, the Court grants Respondent's Motion to Dismiss, dismisses the Petition, and denies a Certificate of Appealability.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On February 27, 1997, a jury convicted Petitioner of first-degree robbery of an inhabited dwelling.  (ECF No. 10-2 at 17.)  On May 7, 1997, after the trial court found he had two prior felony convictions which constituted strikes under California's Three Strikes Law, he was sentenced to an indeterminate term of thirty years to life in state prison.  (*Id*.)

Proposition 57, approved by California voters in 2016, provides that: "Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense."  Cal. Const. art. I, § 32(a)(1).  Under regulations implementing Proposition 57, the Board of Parole Hearings ("Parole Board") set Petitioner's parole eligibility date as October 6, 2020, based on the full six-year term for his robbery conviction.  (ECF No. 1-2 at 12.)

On November 13, 2019, Petitioner was present with counsel at his first parole hearing based on his minimum eligible parole date, which resulted in a seven-year parole denial.  (ECF No. 10-2 at 17.)  Petitioner was informed he would not be referred for an October 6, 2020, Proposition 57 parole hearing "because he recently had a hearing based on his minimum eligible parole date."  (ECF No. 10-6 at 1.)  Although Petitioner was informed he had a right to appeal that decision, he did not do so.  (*Id*.)

On December 23, 2019, Petitioner filed a habeas petition in the State Superior Court claiming the Parole Board erred in refusing to give him an October 6, 2020, parole hearing pursuant to Proposition 57, and claiming ineffective assistance of counsel for failing to argue for a hearing.  (ECF No. 1-2 at 4–5.)  The Superior Court denied habeas relief on the basis that robbery of an inhabited dwelling constituted a violent felony under state law; thus, Proposition 57 did not apply, and counsel could not have been ineffective in failing to argue it applied.  (*Id*. at 6–7.)

On October 16, 2020, Petitioner filed a habeas petition in the State Appellate Court

24cv1233

raising the same claim. (ECF No. 10-5 at 1–35.) On October 21, 2020, the State Appellate Court denied the petition, finding that Petitioner had failed to exhaust administrative remedies by not appealing the Parole Board's decision to refuse a Proposition 57 hearing. (ECF No. 10-6 at 1–3.)

Petitioner exhausted his administrative remedies on January 1, 2023. (ECF No. 1-2 at 12.) On March 8, 2023, he filed a habeas petition in the State Superior Court, asserting—as he does here—that the California Constitution, as amended by Proposition 57, entitles him and others similarly situated under California's Three Strikes Law to a parole eligibility hearing after serving the full term for their commitment offense. (ECF No. 10-7 at 1–72; ECF No. 1 at 10–23.) He argues that this provision effectively converts prisoners' indeterminate life sentences into determinate terms—in his case, a six-year sentence with a parole eligibility date of October 6, 2020. (*Id.*) He contends that the state's refusal to grant him a parole hearing on that date unlawfully prolonged his incarceration by seven years, demonstrating deliberate indifference to violations of his federal constitutional rights, including: (1) fair parole proceedings under the Fifth Amendment, (2) due process and equal protection under the Fourteenth Amendment, and (3) freedom from cruel and unusual punishment under the Eighth Amendment. (*Id.*)

On April 4, 2023, the Superior Court denied relief, once again finding Proposition 57 did not apply because Petitioner had been convicted of a violent felony offense. (ECF No. 10-8 at 4.) The Court also noted there was sufficient evidence to deny parole, including that Petitioner "present[ed] a high risk for violence. . . [and] . . . has a history of arrests and convictions for batteries and robberies; in the instant case Petitioner put a gun to the victim's head and demanded she give Petitioner money orders, which she did." (*Id.* at 5.) The Court found that "while incarcerated Petitioner failed to avail himself of therapeutic treatment programs to deal with the anger or other significant issues with which Petitioner has long grappled," had "incurred twenty-one rule violations—including five for violence or violence-related conduct—with the most recent in June 2019, just five months before the hearing . . . [and] . . . showed a lack of insight because he alleges an implausible

1    conspiracy between the judge and district attorney to convict Petitioner of a third strike."

2    (*Id*.)

3            Petitioner filed a habeas petition in the State Appellate Court on April 20, 2023,

4    which was denied on April 26, 2023.  (ECF Nos. 10-2, 10-9.)  The Appellate Court stated:

5    "His claims, asserted several years after his parole denial with no adequate explanation of

6    the delay, are barred as untimely."  (ECF No. 10-9 at 2.)  The Court also found the claims

7    lacked merit because: "Nothing in Proposition 57 itself restricts the Board's discretion in

8    setting the next hearing date after an inmate is found unsuitable for parole."  (*Id*.)

9            On May 10, 2023, Petitioner presented his claims in a habeas petition filed in the

10   State Supreme Court, which was summarily denied without a statement of reasons on

11   August 9, 2023.  (ECF Nos. 10-10, 10-11.)  The instant federal Petition was filed on July

12   15, 2024.  (ECF No. 1.)

13   **II.    ANALYSIS**

14           Respondent seeks dismissal of the Petition, arguing that: (1) the claims are not

15   cognizable under federal habeas review because they rely solely on the interpretation of

16   state law; (2) the Court lacks subject matter jurisdiction because the claims do not lie at the

17   core of habeas, as success on the merits would not necessarily result in immediate or

18   accelerated release, but merely a new parole hearing; and (3) the Petition is untimely

19   because the one-year statute of limitations expired before it was filed.  (ECF No. 9-1 at 8–

20   12.)

21           Petitioner opposes the motion, arguing that he has stated a cognizable federal claim

22   because the California Constitution, as amended by Proposition 57, effectively converted

23   his indeterminate life sentence into a determinate six-year term, entitling him to immediate

24   release after serving 26 years, and that the denial of a Proposition 57 parole hearing

25   unlawfully prolonged his incarceration by seven years, violating the Eighth Amendment's

26   prohibition on cruel and unusual punishment, depriving him of due process and equal

27   protection under the Fourteenth Amendment, and denying him fair parole proceedings

28   under the Fifth Amendment.  (ECF No. 11 at 6–12.)  He contends this Court has subject

matter jurisdiction in this action because he resides in the Southern District of California, all the events occurred here, and there is complete diversity. (*Id*. at 12–13.) He argues the Petition is timely because the one-year statute of limitations applies only to collateral attacks on state court judgments, not challenges to parole release. (*Id*. at 13–16.)

### A. Failure to State a Cognizable Claim

Respondent first contends Petitioner has failed to state a cognizable federal habeas claim because his claims rely entirely on the interpretation of state law. (ECF No. 9-1 at 8–9.) To state a federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court" and that he is in custody in "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). There is no dispute Petitioner is in custody pursuant to a state court judgment.

Respondent correctly asserts that state law errors are not subject to correction under federal habeas review. *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (noting that "alleged errors in the application of state law are not cognizable in federal habeas corpus" proceedings); *Sturm v. California Youth Authority*, 395 F.2d 446, 448 (9th Cir. 1967) ("[A] state court's interpretation of its [sentencing] statute does not raise a federal question."). The United States Supreme Court has held that to the extent California law creates a liberty interest in parole it is a "state interest," which does not create a federal right to be *released* on parole. *Swarthout v. Cooke*, 562 U.S. 216, 219–21 (2011) (citing *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 16 (1979)) (stating there is no federal constitutional right to parole release). Nevertheless, the Supreme Court found that the existence of such a liberty interest would allow state prisoners deemed unsuitable for parole to bring a federal habeas claim alleging that they were denied an opportunity to be heard and a statement of reasons for the denial, and, if successful, would be entitled to a new parole hearing. *Cooke*, 562 U.S. at 220–21; *see also Miller v. Oregon Bd. of Parole and Post-Prison Supervision*, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in *Cooke* that in the context of parole eligibility decisions the due

process right is *procedural*, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision.").

The district courts are divided on whether Proposition 57 creates a liberty interest under state law that triggers federal procedural protections, and the Ninth Circuit has not addressed the issue. *See, e.g.*, *Atuatasi v. Montgomery*, No.: 22cv1469-JO (NLS), 2023 WL 3668528, at *3, (S.D. Cal. May 25, 2023) (collecting cases). The Court need not resolve whether the Petition asserts a federal constitutional claim based on the denial of a Proposition 57 parole hearing, as opposed to merely raising a state law claim, because, as set forth below, it must be dismissed as untimely and for failing to invoke the Court's habeas jurisdiction.

## B.    Habeas Jurisdiction

Respondent argues that Petitioner has not established this Court's subject matter jurisdiction under 28 U.S.C. § 2254 because success on his claims would not necessarily lead to immediate or speedier release, but only in another parole hearing. (ECF No. 9-1 at 10–11.) Petitioner maintains that Proposition 57 modified his sentence from an indeterminate life term to a determinate term of six years, and he is entitled to be released on parole because he has been imprisoned for over 26 years on a six-year sentence. (ECF No. 11 at 12–13.)

Proposition 57 provides that "[a]ny person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense," but does not guarantee *release* after the expiration of the full term. *See* Cal. Const. art. I, § 32(a)(1). Thus, even if Petitioner prevails on his claim that the denial of an October 6, 2020, Proposition 57 parole eligibility hearing violated his federal constitutional rights—following the seven-year parole denial at his initial life sentence parole eligibility hearing on November 13, 2019—he would only become eligible for parole *consideration* under Proposition 57, which does not necessarily entitle him to an *earlier* release from prison. *Id*.; *see also Atuatasi*, 2023 WL 3668528, at *2 (finding that because Proposition 57 merely provides eligibility for parole consideration,

24cv1233

not release, "many courts in this circuit have consistently held that the possibility of parole under Proposition 57 does not state a legitimate habeas corpus claim.") (collecting cases).

"[W]hen a prisoner's claim would not 'necessarily spell speedier release,' that claim does not lie at 'the core of habeas corpus,' and may be brought, if at all, under [42 U.S.C.] § 1983." *Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Nettles v. Grounds*, 830 F.3d 922, 927–31 (9th Cir. 2016) (en banc) (holding that claims which would result in immediate release if successful fall within the core of habeas corpus, whereas claims which would not necessarily affect the length of time to be served fall outside the core of habeas corpus and must be brought under § 1983); *see also Borstad v. Hartley*, 668 F. App'x 696, 697 (9th Cir. 2016) (holding that success on petitioners' constitutional claims based on lengthening of intervals between parole hearings "would not necessarily result in a shortening of their sentences" and therefore no jurisdiction to grant habeas relief).

As the Ninth Circuit has noted, even where a prisoner could show entitlement to a parole hearing, the parole board would still need to consider "all relevant, reliable information" to determine "suitability for parole." *Nettles*, 830 F.3d at 935. The parole board could then deny parole "on the basis of any of the grounds presently available to it." *Id*. Petitioner claims he should have been given a new parole eligibility hearing in October 2020 despite being found unsuitable for parole eleven months earlier at his November 2019 hearing, and argues he is entitled to immediate release because Proposition 57 converted his indeterminate life sentence to a determinate sentence of six years. However, he has not shown he would necessarily have been released on parole at a new hearing, as Proposition 57 grants eligibility for parole *consideration* and success on his claim would not *necessarily* lead to release. Thus, even if Petitioner succeeded on his claims and this Court

24cv1233

found him eligible for nonviolent parole consideration under Proposition 57, his claims would still fall outside the core of habeas corpus, as such an outcome "would not necessarily lead to his immediate or earlier release from confinement." *Id*. Petitioner's claims do not lie in the Court's federal habeas subject matter jurisdiction and must be brought, if at all, in a civil rights action pursuant to 42 U.S.C. § 1983. *Id*. at 934–35.

The Supreme Court has recognized that federal habeas petitions can be read to plead causes of action under the Civil Rights Acts for "deprivation of constitutional rights by prison officials." *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), *superseded by statute on other grounds as stated in Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001) (noting that title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights.") A district court may construe an incorrectly filed habeas petition as a 42 U.S.C. § 1983 action "[i]f the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief." *Nettles*, 830 F.3d at 936. To do so, however, the Court must notify and obtain "informed consent from the prisoner" and "may recharacterize the petition so long as it warns the *pro se* litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." *Id*.

Here, the Court declines to convert Petitioner's habeas Petition to a civil rights complaint, as doing so would expose Petitioner to the provisions of the Prisoner Litigation Reform Act (PLRA), "which installed a variety of measures 'designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good.'" *Bruce v. Samuels*, 577 U.S. 82, 85 (2016) (quoting *Coleman v. Tollefson*, 575 U.S. 532, 535 (2015)). For example, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases. *Id*. at 86. In addition, while the filing fee for a habeas petition is five dollars, which Petitioner paid in this case, a § 1983 action requires a civil filing fee of $405— comprising a $350 statutory and a $55 administrative fee—though the administrative fee

does not apply to persons granted leave to proceed *in forma pauperis* (IFP). *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The PLRA provides that the civil filing fee be collected even if the Petitioner qualifies to proceed *in forma pauperis* and must be paid regardless of whether the action is ultimately dismissed, which "also applies to costs awarded against prisoners when they are judgment losers." *Bruce*, 577 U.S. at 85–86. A prisoner willing to pay a five-dollar filing fee might not want to proceed with a civil rights complaint for which at least $350 of the $405 filing fee would be deducted from his inmate account. Thus, the Court will not convert the habeas Petition into a civil rights complaint.

Accordingly, Respondent's motion to dismiss the Petition for lack of habeas jurisdiction is granted.

### C.   Timeliness

Finally, Respondent argues that the Petition is untimely. (ECF No. 9-1 at 11–12.) Petitioner argues the one-year statute of limitations does not apply to challenges to parole denials, only state court judgments. (ECF No. 11 at 14.)

A one-year statute of limitations applies to petitions for writ of habeas corpus filed by a state prisoner who is challenging his state court conviction or sentence in federal court, and begins to run "from the latest of" the following:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The Ninth Circuit has held that 28 U.S.C. § 2244(d)(1)(D) applies to claims challenging the decision of the California Parole Board to deny parole, and that the start date for the one-year limitations period is the day after administrative remedies are exhausted. *Redd v. McGrath*, 343 F.3d 1077, 1082 (9th Cir. 2003). Petitioner exhausted his administrative remedies on January 1, 2023, when the Parole Board denied his appeal of the decision to deny him a Proposition 57 parole hearing. (ECF No. 1-2 at 12.) The one-year statute of limitations began to run the next day, January 2, 2023. *Redd*, 343 F.3d at 1082. Absent tolling, the limitations period was set to expire on January 1, 2024. The instant Petition was constructively filed over six months later, on July 11, 2024, the day it was handed to prison authorities for mailing to the Court. (*See* ECF No. 1 at 26); *Anthony v. Cambra*, 236 F.3d 568, 574–75 (9th Cir. 2000). Thus, unless the limitations period was subject to adequate tolling, the Petition is untimely.

### 1.    Statutory Tolling

Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." After exhausting his administrative remedies on January 1, 2023, Petitioner filed a habeas petition in the San Diego Superior Court on March 8, 2023, raising the claims presented here. (ECF No. 10-7.) Thus, the 365-day limitations period ran for 65 days from January 2, 2023, until it was statutorily tolled on March 8, 2023. The period remained tolled until April 4, 2023, when the State Superior Court denied the petition (ECF No. 10-8), leaving 300 days remaining on the one-year statute of limitations. Petitioner filed a habeas petition in the State Appellate Court raising the same claims on April 20, 2023. (ECF No. 10-2.) It was denied on April 26, 2023, as "untimely" and because "[n]othing in Proposition 57 itself restricts the Board's discretion in setting the next hearing date after an inmate is found unsuitable for parole." (ECF No. 10-9 at 2.)

"[A]n application is pending as long as the ordinary state collateral review process

is 'in continuance'—*i.e.*, 'until the completion of' that process." *Carey v. Saffold*, 536 U.S. 214, 219–20 (2002). Tolling continues "during the interim between a writ being denied at one court level and a new petition being filed at the next higher court level as long as the petition at the next level is filed within a reasonable period of time." *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010). However, when a state court petition is found to be untimely, it is not "properly filed" as defined in 28 U.S.C. § 2244(d)(2) and is is not entitled to statutory tolling, either for the period it was pending or for the time between filings. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). An untimely state habeas petition "must be treated as improperly filed, or as though it never existed, for purposes of section 2244(d)." *Lakey v. Hickman*, 633 F.3d 782, 786 (9th Cir. 2011). Thus, because the Appellate Court denied the petition as untimely, Petitioner is not entitled to any statutory tolling for either the habeas petition filed in the Appellate Court or the gap between the Superior Court's denial of the petition and the filing of the Appellate Court petition.

Accordingly, the limitations period ran for an additional 35 days from the April 5, 2023, denial of the State Superior Court petition until May 10, 2023, when Petitioner filed a State Supreme Court habeas petition and statutory tolling could have begun again. (ECF No. 10-10.) At that time 265 days remained on the limitations period. The State Supreme Court petition was summarily denied without a statement of reasons on August 9, 2023. (ECF No. 10-11.) The Court need not determine whether the limitations period was tolled while the State Supreme Court habeas petition was pending or during the gap between the State Appellate Court denial and the filing of the State Supreme Court petition. Even allowing for tolling during those periods, only 265 days remained when the limitations period began running again on August 10, 2023, the day after the State Supreme Court denied the petition, and it ran for 335 days until the instant federal Petition was constructively filed on July 11, 2024. Thus, even with the maximum statutory tolling available, the Petition was filed 70 days after the limitations period expired, and it is untimely unless equitable tolling applies.

24cv1233

### 2.    Equitable Tolling

The statute of limitations under AEDPA "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010).  "To be entitled to equitable tolling, [Petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007) (quoting *Pace*, 544 U.S. at 418).  Equitable tolling is "unavailable in most cases," and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002).  A petitioner must show that the extraordinary circumstances caused his untimeliness. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

Petitioner does not argue he is entitled to equitable tolling, nor does he identify any extraordinary circumstances explaining his delay in filing his federal Petition.  Rather, he argues the Petition is timely because the one-year statute of limitations only applies to collateral attacks on state court judgments, not challenges to parole release.  (ECF No. 11 at 13–16.)  As noted, the Ninth Circuit has determined that the one-year statute of limitations applies to challenges to state parole proceedings. *See Redd*, 343 F.3d at 1082.

Accordingly, the Court grants Respondent's motion to dismiss the Petition as untimely.

### III.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion to Dismiss (ECF No. 9) and **DISMISSES** the Petition for failure to present a claim within the Court's subject matter habeas jurisdiction and as untimely.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  "A certificate of appealability should issue if 'reasonable jurists could debate whether' (1) the district court's assessment of the claim was debatable or wrong; or (2) the issue presented is

'adequate to deserve encouragement to proceed further.'" *Shoemaker v. Taylor*, 730 F.3d 778, 790 (9th Cir. 2013) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, the Court concludes that Petitioner has not made the required showing and therefore **DENIES** a certificate of appealability.

The Clerk of Court will enter a final judgment of dismissal and close the case.

**IT IS SO ORDERED.**


**DATED: March 10, 2025**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

24cv1233